Wendy L. Wilcox (SBN: 193644)
Jonathan Belaga (SBN: 275229)
33 New Montgomery Street, Suite 1250
San Francisco, CA 94105
Telephone: (415) 431-4150
Facsimile: (415) 431-4151
Email: wwilcox@skanewilcox.com
Email: jbelaga@skanewilcox.com

Attorneys for Defendants,
COUNTY OF ALAMEDA, GREGORY AHERN,
RONALD H. BROACH, and DAVID M. RONQUILLO

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CURTIS CRENSHAW

Plaintiff,

v.

GREGORY AHERN; RONALD H. BROACH; DAVID M. RONQUILLO, and DEPUTY DOES 1-10, Jointly and Severally

Defendants.

CASE NO: 3:19-cv-02937-JSC

**DEFENDANTS GREGORY AHERN, RONALD H. BROACH, AND DAVID M. RONQUILLO'S, ANSWER TO PLAINTIFF, CURTIS CRENSHAW'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Complaint Filed: May 28, 2019
Assigned To: Hon.

**COMES NOW** Defendants GREGORY AHERN, RONALD H. BROACH, AND DAVID M. RONQUILLO hereby responds as follows to the Complaint of Plaintiff, CURTIS CRENSHAW:

## I. GENERAL ALLEGATIONS

1. As to paragraph 1 of Plaintiffs' Complaint, Defendants acknowledge the nature of the case, but denies any use of excessive force or retaliation, or any pendant state law violations.

2. As to paragraph 2 of Plaintiffs' Complaint, Defendants acknowledge the jurisdiction of this Court over the section 1983 claims, and, to the extent that the federal claims survive, that this Court has supplemental jurisdiction over the state law claims.

3. As to paragraph 3 of Plaintiffs' Complaint, Defendants admit that venue is proper in the Northern District of California.

4. As to paragraph 4 of Plaintiffs' Complaint, Defendants admit that venue is proper in either Oakland or San Francisco.

5. As to paragraph 5 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

6. As to paragraph 6 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

7. As to paragraph 7 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

8. As to paragraph 8 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

9. As to paragraph 9 of Plaintiffs' Complaint, Defendants lacks sufficient information with regard to the DOE defendants, and therefore denies the allegations contained therein.

10. As to paragraph 10 of Plaintiffs' Complaint, Defendants admit that the Alameda County Sheriff's Department is responsible for the operation of Alameda County's jails. As to the second sentence, Defendants deny the allegations contained therein, note that the matters reported are irrelevant, and request that the Court strike that sentence in its entirety.

11. As to paragraph 11 of Plaintiffs' Complaint, Defendants deny the allegations contained therein, note that the matters reported are irrelevant, and request that the Court strike that sentence in its entirety.

12. As to paragraph 12 of Plaintiffs' Complaint, Defendants deny the allegations contained therein, note that the matters reported are irrelevant allegations in another lawsuit, and request that the Court strike that sentence in its entirety.

13. As to paragraph 13 of Plaintiffs' Complaint, Defendants deny the allegations contained therein, note that the matters reported are irrelevant accusations, and request that the Court strike that paragraph in its entirety.

14. As to paragraph 14 of Plaintiffs' Complaint, Defendants deny that the reported incidents took place, note that the matters reported are unproven accusations, and request that the paragraph and all its subsections be stricken in its entirety as irrelevant.

15. As to paragraph 15 of Plaintiffs' Complaint, Defendants deny the allegations contained therein, note that the alleged quotation is taken out of context and does not imply what Plaintiff states, and request that the paragraph be stricken in its entirety.

16. As to paragraph 16 of Plaintiffs' Complaint, Defendants deny the allegations contained therein, note that the statements are taken out of context and were not made in the way Plaintiff is alleging. Defendants also note that allegations about statements made to Crenshaw's cellmate are irrelevant to this litigation, and should be stricken from this Complaint in their entirety.

17. As to paragraph 17 of Plaintiffs' Complaint, Defendants deny the allegations in the first sentence in its entirety. Defendants deny the allegations in the second sentence in its entirety. Defendants deny that the pattern continued at the Glenn Dyer facility, but admit that Broach was named in some grievances, although that fact is also irrelevant and should be stricken from this Complaint.

18. As to paragraph 18 of Plaintiffs' Complaint, Defendants admit the allegations contained in the first sentence. Defendants admit that Deputies ordered all of the prisoners in the pod, including Crenshaw, out of their cells so that the cells could be searched. Defendants admit that the prisoners were placed in a multipurpose room but deny that Crenshaw could see into his cell from the multipurpose room.

19. As to paragraph 19 of Plaintiffs' Complaint, Defendants lack sufficient information and therefore deny the allegations contained in the first sentence. Defendants also lack sufficient information and therefore deny the allegations contained in the second sentence. Defendants deny the allegations contained in the third sentence.

20. As to paragraph 20 of Plaintiffs' Complaint, Defendants deny the allegations contained therein in their entirety.

21. As to paragraph 21 of Plaintiffs' Complaint, Defendants admit that Crenshaw picked up some items that had been confiscated, but cannot say at this time what those items were. Defendants admit that Broach told him that he could not have the contraband.

22. As to paragraph 22 of Plaintiffs' Complaint, Defendants deny that Crenshaw stated "it isn't contraband." Defendants deny that Broach began beating him. Defendants deny that Crenshaw never used violence. Defendants admit that, in an attempt to subdue a resisting Crenshaw, that Broach hit Crenshaw.

23. As to paragraph 23 of Plaintiffs' Complaint, Defendants deny the allegations in the first sentence. Defendants admit the allegations in the second sentence. Defendants lack sufficient information, and therefore deny the allegations contained in the third sentence. Defendants deny the allegations contained in the fourth sentence. Defendants deny the allegations contained in the fifth sentence.

24. As to paragraph 24 of Plaintiffs' Complaint, Defendants deny this paragraph in its entirety.

25. As to paragraph 25 of Plaintiffs' Complaint, Defendants deny that there was a "beating," or that either Broach or Ronquillo did anything wrong; therefore Defendants deny this paragraph in its entirety.

26. As to paragraph 26 of Plaintiffs' Complaint, Defendants deny this paragraph in its entirety.

27. As to paragraph 27 of Plaintiffs' Complaint, Defendants admit that Crenshaw was taken to the hospital, but does not have sufficient information to admit what happened at the Hospital, and, therefore deny the remainder of the first sentence. Defendants admit that Crenshaw was later discharged to the custody of the Alameda County Sheriff's Department, but not specifically to a medical facility.

28. As to paragraph 28 of Plaintiffs' Complaint, Defendants deny these allegations in their entirety.

29. As to paragraph 29 of Plaintiffs' Complaint, Defendant deny these allegations in their entirety.

30. As to paragraph 30 of Plaintiffs' Complaint, Defendants lack sufficient information, and therefore denies these allegations in their entirety.

31. As to paragraph 31 of Plaintiffs' Complaint, Defendant denies the allegations contained therein in their entirety.

32. As to paragraph 32 of Plaintiffs' Complaint, Defendants admit that counsel for Crenshaw mailed a government claim form on that date.

33. As to paragraph 33 of Plaintiffs' Complaint, Defendants admit the allegations contained in the first sentence. Defendants lack sufficient information, and therefore deny the allegations in the second sentence.

34. As to paragraph 34 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

35. As to paragraph 35 of Plaintiffs' Complaint, Defendants deny that the action is timely filed.

## II. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: EXCESSIVE USE OF FORCE

**Violation of the Eighth Amendment to the Constitution of the United States – 42 U.S.C. §1983**

36. As to paragraph 36 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

37. As to paragraph 37 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

### SECOND CAUSE OF ACTION: RETALIATION

**Violation of the Eighth Amendment to the Constitution of the United States – 42 U.S.C. §1983**

38. As to paragraph 38 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

39. As to paragraph 39 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

### THIRD CAUSE OF ACTION: MUNICIPAL LIABILITY – 42 U.S.C. §1983

40. As to paragraph 40 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

41. As to paragraph 41 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

**FOURTH CAUSE OF ACTION: BANE ACT**

42. As to paragraph 42 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

43. As to paragraph 43 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

**FIFTH CAUSE OF ACTION: ASSAULT & BATTERY**

44. As to paragraph 44 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

45. As to paragraph 45 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

**SIXTH CAUSE OF ACTION: NEGLIGENCE**

46. As to paragraph 46 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

47. As to paragraph 47 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

48. As to paragraph 48 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

**PRAYER**

The remainder of Plaintiff's Complaint contains Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny each and every allegation contained therein and specifically deny that Plaintiff is entitled to any relief.

Except as expressly admitted above, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## III. AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Valid Claim)**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, the Complaint fails to state a claim upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, Defendants had the lawful authority upon reasonable cause to arrest and take Plaintiff into custody.

AS AND FORA THIRD AFFIRMATIVE DEFENSE, Defendants had the lawful right to arrest Plaintiff under the doctrines of exigent circumstances and fresh pursuit.

AS AND FORA FOURTH AFFIRMATIVE DEFENSE, Plaintiff bore the obligation under Penal Code §148 and §834a not to impede, obstruct, resist or delay the Defendants in the discharge of their duties. Defendants had the lawful right to enter Plaintiff's cell, remove materials and contraband, and use reasonable force to effect the arrest of Plaintiff – including reasonable force necessary to overcome the obstruction, impeding, delaying and/or resistance of Plaintiff.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, all actions taken by Defendants were undertaken in good faith and with a reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances. Defendants did not violate any clearly established authorities and a reasonable officer in the same position and confronted with the same set of facts could have determined their actions to be lawful and appropriate. Therefore, Defendants are entitled to qualified immunity.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, Plaintiff was careless and negligent in and/or about the matters referred to in said Complaint, and further that the Plaintiff failed to exercise ordinary or any care for Plaintiff's own safety and such carelessness and negligence on the part of Plaintiff proximately caused and contributed to the damage, detriment or injury sustained by Plaintiff, if any, and that Plaintiff's recovery should therefore either be barred or reduced to the extent of her negligence.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, any harm suffered was a result of a negligent or otherwise wrongful conduct of persons other than Defendants and that the conduct of the person other than Defendants was the sole and proximate cause of the injuries and damages alleged by Plaintiffs.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, Plaintiff has failed to mitigate his damages, if any.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, any alleged use of force to subdue and/or detain plaintiff was reasonable under the circumstances, and was in defense to the improper actions of the Plaintiff.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, Plaintiff's special damages, if any, should be reduced to the actual amount(s) paid to health care providers for services reasonably related to his injuries.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, these answering Defendants allege all of the immunities and defenses afforded them by Sections 815 through 845 of the Government Code of the State of California.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, these answering Defendants allege Plaintiffs' claims against Defendants are barred in that police officers are allowed to use reasonable force to effect an arrest or detention per Penal Code Sections 835 and 835(a).

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, each of Plaintiffs' state law claims are barred under the immunity afforded police officers under Government Code Sections 820.2, 820.4 and 815.2{b).

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, Plaintiffs' state law claims are barred by Government Code Section 821.6.

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has failed to allege facts sufficient to constitute a claim for punitive damages, and that any claim for punitive damages against Defendant Gregory Ahern is barred by California Government Code section 818, *Kentucky v. 14 Graham*, 473 U.S. 159, 167 fn.13, 105 S.Ct. 3099 (1985), and *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, Defendants allege that they provided reasonable training and had reasonable policies and procedures in place regarding any alleged conduct by their employees and/or agents, and were therefore not deliberately indifferent to any of plaintiff's Constitutional rights.

AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff is barred from obtaining relief by reason of the doctrine of unclean hands.

AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, Defendants allege that at no time did they act maliciously, willfully, or fraudulently to violate Plaintiffs constitutional rights.

WHEREFORE, Defendants prays as follows:

1. Dismissal of Plaintiff's Complaint with prejudice;
2. Plaintiff takes nothing by reason of his Complaint;
3. Defendants be awarded reasonable attorney's fees;
4. Defendants be awarded costs of suit; and,
5. For such other and further relief as the Court deems appropriate.

DATED: August 30, 2019 SKANE WILCOX LLP

By: /s/ Jonathan J. Belaga
Wendy L. Wilcox, Esq.
Jonathan Belaga, Esq.
Attorneys for Defendants

**DEMAND FOR TRIAL BY JURY**

Defendants, COUNTY OF ALAMEDA, GREGORY AHERN, RONALD H. BROACH, and DAVID M. RONQUILLO, hereby demands a trial by jury.

DATED: August 30, 2019 SKANE WILCOX LLP

By: /s/ Jonathan J. Belaga
Wendy L. Wilcox, Esq.
Jonathan Belaga, Esq.
Attorneys for Defendants