Glenn Katon SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CURTIS CRENSHAW<br><br>        Plaintiff,<br><br>  v.<br><br>GREGORY AHERN; RONALD H. BROACH; DAVID M. RONQUILLO and DEPUTY DOES 1-10, Jointly and Severally,<br><br>        Defendants. | Case No.  4:19-cv-02937-SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties file this Joint Case Management Statement pursuant to Local Rule 16-9(a), the Standing Order for All Judges of the Northern District of California, and the Court's May 30, 2019 Order:

1. **Jurisdiction and Service**: Subject matter jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367. All Defendants have appeared in the case and there is no dispute over jurisdiction or venue.

2. **Facts**:

Plaintiff:

Plaintiff alleges that while held in the Glenn Dyer Detention Facility in Alameda County, he was targeted by Defendant Broach, who was known to be a problem guard. On February 28,

2018, Crenshaw was removed from his cell so that Broach could conduct a search, during which Crenshaw observed Broach destroy his personal property. Broach proceeded to attack Crenshaw, resulting in injuries to his head and jaw. Defendant Ronquillo assisted Broach by holding Crenshaw's arms behind his back. Ronquillo indicated to Broach to stop his assault on Crenshaw, and to place Crenshaw in handcuffs, but Broach continued to beat Crenshaw. Crenshaw suffered a concussion, contusions, swelling, bleeding, headaches, back injury, emotional distress, pain and suffering from the incident. Defendants retaliated against Crenshaw when they learned he was preparing to file a lawsuit against the Defendant Deputies by putting him in administrative segregation for several weeks without explanation.

Defendants:

On February 12, 2018, all prisoners in the cell pod, including Plaintiff, were removed from their cells so that Deputies could conduct a search for contraband. Such searches are routine, and there is no credible allegation that this particular search was conducted for any improper purpose.

Specific items were removed from several cells for violations of the Inmate Rules and Regulations. Once the search was complete, the items removed were placed on several tables in the pod room for the pod worker to clean up. Broach instructed Plaintiff to return to his cell to go on "lockdown." On his way back to his cell, Plaintiff chose to disobey Broach's order to return to his cell for "lockdown." Instead, Plaintiff stopped at the table outside his cell where contraband had been placed, and he attempted to steal some of the contraband that had been confiscated from his cell.

Broach instructed Plaintiff to put down the confiscated items Plaintiff had grabbed, but Plaintiff refused to follow Broach's order. Plaintiff attempted to take the confiscated items into his cell with him. Broach grabbed Plaintiff by the wrist to stop him from going back into his cell, and Plaintiff resisted. Defendant Ronquillo, seeing the altercation, ran into the pod to assist Broach in subduing Plaintiff. Both officers repeatedly told Plaintiff to stop resisting until they were able to overcome his resistance and secure his hands in handcuffs.

Plaintiff was taken to the hospital for treatment of his injuries. When he returned to the

jail, he was housed in administrative separation due to his prior assault on Broach. He remained in administrative separation until he was released from custody on February 26, 2018.

When Plaintiff was arrested on separate charges in November, his classification status remained the same for the County, and he was placed in administrative separation per his classification.

3. **Legal Issues**: (1) Whether Defendants Broach and Ronquillo used excessive force against Plaintiff, (2) Whether Doe Defendants retaliated against Plaintiff for filing a Government Code Claim indicating his intention to sue the deputies who assaulted him.

4. **Motions**: There are no prior or pending motions. Plaintiff may move to amend the complaint to name Doe defendants. Defendants note that there are several irrelevant, unsupported, false, and potentially prejudicial allegations in the Complaint and may file a motion to strike those allegations.

5. **Amendment of Pleadings**: Plaintiff may move to amend the complaint to name Doe defendants. The parties propose a December 15, 2019 deadline to amend pleadings.

6. **Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**: The parties have exchanged Rule 26 Initial Disclosures.

8. **Discovery**: No discovery has been taken to date.

9. **Class Actions**: Not applicable.

10. **Related Cases**: There are no related cases *See* Dkt 4.

11. **Relief**: Plaintiff seeks compensatory damages including but not limited to, pain, suffering, and humiliation, and punitive damages as allowed by law. Plaintiff also seeks recovery of costs and attorney fees.

12. **Settlement and ADR**: The parties are amenable to a settlement conference with a Magistrate Judge and will discuss the ADR selection and its timing with Court at the Case Management Conference.

13. **Consent to Magistrate Judge For All Purposes**: The parties have declined Magistrate Judge jurisdiction.

14. **Other References**: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: At this time, the parties do not have issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), or any request to bifurcate issues, claims, or defenses.

16. **Expedited Trial Procedure**: This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **Scheduling**: Proposed dates for:

Designation of experts: June 15, 2020

Discovery cutoff: July 31, 2020

Hearing of dispositive motions: September 10, 2020

Pretrial conference: November 5, 2020

*Trial*: December 7, 2020

18. **Trial**: The case will be tried to a jury and the expected length of the trial is four full trial days.

19. **Disclosure of Non-party Interested Entities or Persons**: The parties will file their Certifications of Interested Entities or Persons by November 4, 2019.

20. **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. The parties are not aware at this time of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully submitted,

| KATON.LAW | SKANE WILCOX LLP |
|---|---|
| /s/ Glenn Katon | /s/ Jonathan J. Belaga |
| Glenn Katon | Jonathan J. Belaga |
| ATTORNEY FOR CURTIS CRENSHAW | ATTORNEYS FOR GREGORY AHERN, RONALD H. BROACH, and DAVID M. RONQUILLO |